# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-00362-KD-N |
| | ) |
| JASON PUGH, | ) |
| AIS # 00212315, | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court *sua sponte* on review of its subject-matter jurisdiction.

The Plaintiff, **JASON PUGH**, an inmate at the Alabama Department of Corrections's Bibb Correctional Facility in Brent, Alabama, who is proceeding without counsel (*pro se*), filed with the Court in S.D. Ala. Case No. 1:22-cv-00323 a motion received November 30, 2022, requesting that this Court "hand down a [sic] order to bring" his pending state court prosecution, Escambia County Court Case No. 21-83, "to this Honorable Court for trial." (1:22-cv-00323 Doc. 11). By order entered September 22, 2023, the Court construed the November 30 motion as a notice of removal of Pugh's pending Escambia County state court prosecution under 28 U.S.C. § 1443, and directed that the Clerk of Court re-docket it "as a case-initiating notice of removal in a new action…" (1:22-cv-00323 Doc. 46). The Court further directed that several other motions from Case No. 1:22-cv-00323 be extracted and docketed in the new case, "as they all appear to contemplate the Court taking various actions in the removed criminal prosecution…" (*Id.*). The above-styled action has been opened as a result. The assigned District Judge has referred the construed notice of removal, and all pending motions, to the undersigned Magistrate Judge for appropriate action

under 28 U.S.C. § 636(a)-(b), Federal Rule of Criminal Procedure 59,[1] and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/22/2023 & 10/4/2023 electronic reference notations).

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* at 411. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). When a criminal prosecution is removed from state

---

[1] *See* Fed. R. Crim. P. 1(a)(4) ("Although these rules govern all [criminal] proceedings after removal from a state court, state law governs a dismissal by the prosecution.").

court, the removal statutes require "[t]he United States district court in which such notice is filed [to] examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).[2]

The only statute under which Pugh, who neither claims nor appears to be either a federal officer or a member of the armed forces, *see* 28 U.S.C. § 1442, 1442a, could remove a state-court criminal action pending against him is 28 U.S.C. § 1443, which provides: "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Section 1443(2) is inapplicable because that section "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966) (1966). *Accord Bell v. Taylor*, 509 F.2d 808, 809 n.1 (5th Cir. 1975) (per

---

[2] "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3).

curiam).³ Pugh does not claim to be any such individual, nor do any of the allegations in the notice of removal or any other of his filings suggest that he is.

As for § 1443(1):

> In *Georgia v. Rachel,* the United States Supreme Court articulated the two-prong test which a removal petition filed pursuant to § 1443(1) must satisfy. First, the petitioner must show that the right upon which the petitioner relies arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel,* 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L.Ed.2d 925 (1966). Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts. *Id.* at 794, 86 S. Ct. 1783.

*Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (per curiam).

Pugh fails to invoke this Court's removal jurisdiction under § 1443(1) because his notice of removal and other filings do not allege the denial, or the inability to enforce, a federal civil right "stated in terms of racial equality." Rather, Pugh's allegations—for example, that his appointed counsel is ineffective and won't listen to him; that the judges and prosecutors involved in his case are conflicted and/or biased; that he has been denied the right to a speedy trial; that the prosecution's case is based on lies—concern only those "rights of 'general application available to all persons or citizens.' " *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792). Those rights are insufficient to support a valid claim for removal under § 1443(1). *See*

---

³ On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

*Sunflower Cnty. Colored Baptist Ass'n v. Trustees of Indianola Mun. Separate Sch. Dist.*, 369 F.2d 795, 796 (5th Cir. 1966) (the "right to a fair trial and equal protection of the laws and … rights under 42 U.S.C. § 1983 do not arise from legislation providing for specific civil rights in terms of racial equality and therefore such legislation cannot support a valid claim for removal under § 1443").

> Additionally,
>
> [i]t is not enough to support removal under s 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under s 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). Pugh's allegations in his notice of removal and other filings, though serious if true, do no more than claim that he is innocent of the charges and cannot get a fair trial in Escambia County state court. Such allegations fail to establish that this is one of the "rare situations" where removal under § 1443(1) is appropriate.[4]

---

[4] *Compare Conley*, 245 F.3d at 1298-99 ("Conley's allegation that he cannot get a fair trial in state court because the state trial judge is biased in favor of the defendant for

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b)(1), and S.D. Ala. GenLR 72(a), the undersigned **RECOMMENDS** that the state criminal prosecution(s) pending against Pugh in Escambia County, Alabama, at the time he mailed his notice of removal (Doc. 1) on November 28, 2022,[5] be **SUMMARILY REMANDED** under 28 U.S.C. § 1455(b)(4) to the Escambia County Circuit Court.[6] Should that

---

political reasons does not state a cognizable ground for removal under § 1443(1). As the Supreme Court has made clear, charges 'that the defendant is unable to obtain a fair trial in a particular state court' are insufficient to support removal under § 1443(1). *See Peacock*, 384 U.S. at 827, 86 S. Ct. 1800. The allegedly corrupt or otherwise improper motives of an individual state court judge do not show that Conley will be unable ultimately to obtain fair market value for his property in Alabama's state courts or to raise any due process claims he may have in either the state court action or a separate action in federal court."), *and Georgia v. Daker*, 853 F. App'x 514, 518 (11th Cir. 2021) (per curiam) (unpublished) ("It is impossible to know at this stage whether 'the state trial court will find [Daker] guilty if he is innocent.' See Peacock, 384 U.S. at 827, 86 S. Ct. 1800. And if Daker were to ultimately be found guilty, he would be entitled to direct review of his conviction by the state appellate court and, eventually, the Supreme Court. See id.; Conley, at 245 F.3d at 1298. Because Daker has multiple avenues to seek relief, he has not shown that the state courts 'cannot enforce' his federal civil rights. See Conley, 245 F.3d at 1295, 1298."), *with Conley*, 245 F.3d at 1298 ("In *Rachel*, it was only because section 203(c) of the Civil Rights Act of 1964 expressly immunized the defendants from prosecution for trespass when they peacefully attempted to gain admittance and remain at the restaurant, that 'the mere pendency of the prosecutions enables the federal court to make the clear prediction that the defendants will be "denied or cannot enforce in the courts of (the) State" the right to be free of any 'attempt to punish' them for protected activity.' *See Rachel*, 384 U.S. at 804–05, 86 S. Ct. 1783.").

[5] Under the "prison mailbox rule," "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam). (quotation omitted).

[6] "A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice." 28 U.S.C. § 1455(b)(2). While

recommendation be adopted, the undersigned further **RECOMMENDS** that all pending motions in this action (Docs. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11)—requesting such relief as a speedy trial, a dismissal of charges, appointment of counsel, a change of venue, and a jury trial—be found **MOOT** in light of the remand.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

---

the Court, "[f]or good cause shown, … may grant relief from the limitations of this paragraph[,]" *id.* (emphasis added), the record does not support a determination that "good cause" has been, or can be, shown to warrant the discretionary granting of such relief to Pugh in this case, such that he be allowed to amend his notice of removal to allege additional grounds from removal.

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **6th** day of **October 2023**.

                                      */s/ Katherine P. Nelson*
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**